Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Kemper Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The date of the alleged injury was 2 May 2000.
5. The following documents were received by stipulation:
a. Exhibit 1, Medical Records, eleven pages;
b. Exhibit 2, I.C. Form 22,
c. Exhibit 3, I.C. Form 19,
d. Exhibit 4, Team Accident Report,
e. Exhibit 4, Plaintiff's Accident Report, and
f. Exhibit 6, Plaintiff's Recorded Statement, four pages.
6. Plaintiff's average weekly wage was $584.92, which yields a weekly compensation rate of $389.97, based upon the I.C. Form 22.
 ***********
Based upon all of the competent evidence adduced from the record, and the reasonable inferences therefrom, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 48 year old male who had been employed since 1994 as a material handler with defendant-employer. Plaintiff's duties were to get materials from the warehouse and transport them on a forklift-type machine referred to as a Drexel.
2. On or about 2 May 2000, plaintiff reported low back and knee pain which he related to riding on a worn seat on the Drexel. Team Leader Dale Tysinger prepared an injury report and had plaintiff also give a written statement.
3. On 2 May 2000, plaintiff sought medical treatment with Dr. William McKenzie's office complaining of intermittent back pain which was worse when on the Drexel and in the morning. Dr. McKenzie diagnosed plaintiff with a lumbo-sacral strain with radiculopathy and scoliosis of the thoracic-lumbar spine. X-rays were ordered.
4. Dr. McKenzie restricted plaintiff to moderate level work, with a 20-pound lifting restriction, standing/walking one to four hours per day, sitting five to eight hours per day, and driving one to three hours per day, but no more than one hour per day driving the Drexel. Defendant-employer provided work suitable to these restrictions.
5. X-rays taken on 3 May 2000 revealed marginal spurring at L3-4 and L4-5. Degenerative sclerosis was noted at the SI joint.
6. On 10 May 2000, plaintiff returned to Dr. McKenzie for a recheck. Plaintiff again denied any direct injury to his back. However, he did emphasize to Dr. McKenzie his belief that his back pain was due to the thinning seat on the Drexel. Plaintiff also complained of headache symptoms from the pain medication.
7. Dr. Emmett Montgomery examined plaintiff on 11 May 2000 for ocular migraine symptoms.
8. Plaintiff has not been out of work as a result of the back strain.
9. Plaintiff has complained about the condition of the Drexel's seat cushions for approximately one year. Therefore, his back strain did not result from a specific traumatic incident of the work assigned.
10. Also, plaintiff's degenerative back condition did not result from an occupational disease.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain a back injury due to an accident or specific traumatic incident arising out of and in the course of the employment on 2 May 2000. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to prove that he sustained a compensable occupational disease within the meaning of N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is, and under the law, MUST BE DENIED.
2. Each side shall pay its own costs.
This the ___ day of August, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER